

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

June 18, 1969

Honorable Frank M. Jackson                      Opinion No. M- 421
Executive Secretary
Teacher Retirement System of Texas        Re:  Constitutionality
314 West 11th Street                                      of Section 14, Senate
Third Floor, Lowich Building                            Bill 110, 61st Legis-
Austin, Texas                                                 lature, 1969, and
                                                                    related questions.

Dear Mr. Jackson:

        You recently requested the opinion of this office on the following questions:

        "1.  Is Section 14 of Senate Bill 110, 61st
              Legislature, 1969, in conflict with the
              Constitution of Texas?

        "2.  If your answer to question No. 1 is in
              the negative, would persons who are
              currently employed by the Texas Education
              Agency and who transfer to the Commission
              for Rehabilitation on September 1, 1969
              have the choice of remaining a member of
              the Teacher Retirement System or becoming
              a member of the State Employees Retirement
              System with their benefits governed by
              Chapter 75, 54th Legislature, 1959?

        "3.  If your answer to question No. 1 is in the
              affirmative, would all employees of the Com-
              mission for Rehabilitation created by Senate
              Bill 110, 61st Legislature, 1969, be required
              to become members of the State Employees Re-
              tirement System on September 1, 1969?

        "4.  If your answer to questions No. 1 and No. 3
              is in the affirmative, would retirement bene-
              fits for persons who are currently employed
              by the Texas Education Agency, and who on
              September 1, 1969 transfer to the Commission
              for Rehabilitation, be governed by Chapter 75,
              54th Legislature, 1955 as amended by Chapter
              230, 56th Legislature, 1959?"

- 2105 -

Honorable Frank M. Jackson, page 2 (M-421)

It is our opinion that the answer to question one is NO and the answer to question two is YES.

Senate Bill 110, 61st Legislature, 1969, establishes as an agency of this state, a Commission for Rehabilitation, and prescribes its powers, duties, functions, financing and procedures. Section 14 of the Act, the part in question, reads as follows:

> "Personnel of the Division of Vocational Rehabilitation and the Division of Disability Determination of the Central Education Agency hereby transferred to the Commission shall have the option of retaining membership in the Teacher Retirement System of Texas or becoming members of the Employees Retirement System of Texas under the provisions of Chapter 75, Acts of the 54th Legislature, Regular Session, 1955, as amended. Employees hired after the transfer shall be members of the Employees Retirement System of Texas."

The State Constitution is not a grant of powers as is the Federal Constitution, but is instead a limitation of powers. The Legislature has power to pass any legislation not expressly prohibited by the Constitution. Attorney General's Opinion M-196 (1968). It is necessary then to determine if the provisions of Section 14 of Senate Bill 110 contravene any limitation contained in the Texas Constitution.

The Texas Constitution, Article III, Section 48a, as amended November 5, 1968, authorizes the creation of the Teachers' Retirement System, "...to provide retirement ...for persons employed in the public schools...". The definition of "public schools" and "persons employed in the public schools," is left to the Legislature. The Legislature has defined "public schools." House Bill 241, 61st Legislature, 1969, states in Section 1.02(2):

> "'Public school' means any educational institution or organization in this state which under the laws of Texas is entitled to be supported wholly or partly by state, county, school district, or other municipal corporation funds."

Article XVI, Section 62 of the Texas Constitution, as amended November 5, 1968, authorizes the Legislature to provide

for a State Retirement, Disability and Death Compensation Fund for the officers and employees of the State, and provides that the Legislature, "...may make such reasonable inclusions, exclusions, or classifications of officers and employees of this State as it deems advisable." Further, it creates the Employees Retirement System of Texas, "...the rights of membership in which...shall be governed by the provisions herein contained and by present or hereafter enacted acts of the Legislature not inconsistent herewith."

The employees of the Central Education Agency transferred by the terms of S.B.110 to the Commission for Rehabilitation, are presently lawful members of the Teachers' Retirement System. The newly formed Commission for Rehabilitation is supported by State funds, is for educational purposes, and is, in our opinion, well within the definition established by H.B. 241, for a "public school"; therefore, the transferred employees are qualified to remain members of the Teachers' Retirement System.

The provisions of Article XVI, Section 62, empower the Legislature to "make such reasonable inclusions, exclusions, or classifications of ...employees...as it deems advisable," and to determine "the rights of membership" in the State Employees' Retirement System. The provisions of Section 14 of S.B. 110 providing that new employees of the newly formed Commission for Rehabilitation will become members of the Employees' Retirement System is an exercise of this power.

The Legislature has deemed it advisable to classify personnel being transferred from the Central Education Agency, to the Commission of Rehabilitation, as one group of state employees. The Legislature has deemed it advisable to classify employees hired after the transfer, a second group of state employees. The Legislature has delegated to each state employee in the first group, the power to include himself in, or exclude himself from, participation in the state employees' retirement plan. The choice to exclude himself is, in effect, a choice to remain in the Teachers' Retirement System.

The Legislature has not delegated a power of choice to those employed after the transfer, but has included this second group of employees in the State Employees' Retirement plan. This Legislative inclusion automatically bars the second group from participation in the Teachers' Retirement System.

The employees of the new Commission for Rehabilitation are employed in the "public schools" and are state employees. The

Honorable Frank M. Jackson, page 4 (M-421)

Legislature could have placed these employees in either of the two retirement systems; furthermore, no problem of prior service credit would have existed.

Article XVI, Section 63, of the Texas Constitution provides for reciprocation of service credits for employees transferring from either of the above retirement systems to the other.

The only restriction imposed by the Constitution is that no employee may be a member of both systems at the same time. There is no constitutional provision which prevents the Legislature from allowing employees to exercise their own choice concerning which system they desire, provided they are qualified for both systems.

We find nothing to indicate that the classifications made by Section 14, of S.B. 110, are unreasonable, and therefore we answer your first inquiry in the negative and your second inquiry in the affirmative. In view of our answers to the first two questions, it is unnecessary to answer your third and fourth questions.

S U M M A R Y

Section 14 of Senate Bill 110, Acts of the 61st Legislature, 1969, is not in conflict with the Constitution of the State of Texas. Personnel of the Texas Education Agency, transferred to the Commission for Rehabilitation, on September 1, 1969, have the option to remain a member of the Teachers' Retirement System or to become members of the State Employees' Retirement System.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Samuel D. McDaniel
and Tom Neely, Assistants
Attorney General

Honorable Frank M. Jackson, page 5 (M-421)

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice-Chairman

Robert C. Crouch
Ray McGregor
Bill Corbusier
Ralph Rash

HAWTHORNE PHILLIPS
Executive Assistant